DAVIS, APPELLANT AND CROSS-APPELLEE, *v.* DEMBEK, APPELLEE;
TRANSCONTINENTAL INSURANCE COMPANY ET AL., APPELLEES
AND CROSS-APPELLANTS.

[Cite as *Davis v. Dembek,* 99 Ohio St.3d 49, 2003-Ohio-2462.]

(No. 2003–0054—Submitted March 25, 2003—Decided May 16, 2003.)

———————

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed, and the cause is remanded to the trial court to apply *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927.

{¶ 3} The cross-appeal is denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

O'CONNOR, J., dissents.

———————

LUNDBERG STRATTON, J., dissenting.

{¶ 4} I respectfully dissent from the majority's decision to remand this case for an analysis of prejudice under *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. I dissented from paragraph two of

the *Ferrando* syllabus, in which the court merely presumed the prejudicial effect of an insured's breach of a subrogation provision in an insurance policy. Id. at ¶ 105. I believe that an insured's breach of a subrogation-related provision of an insurance policy is per se prejudicial. There is no need for the additional time and expense of a factual inquiry into the issue. This is particularly so in a *Scott–Pontzer* case, in which a party may be asserting an extremely stale claim or one in which the possibility of collection from the tortfeasor never existed, and therefore the usual issues of the insurer's refusal to defend or participate never arose. See *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 5} As I explained in *Ferrando,* the rights of the insurer are actually prejudiced by the breach of a consent-to-settle or subrogation provision of an insurance policy. If a tortfeasor has been released from further liability, it is my opinion that any inquiry is a useless exercise that merely prolongs the tortuous routes created by *Scott–Pontzer.*

{¶ 6} Therefore, for the foregoing reasons, I respectfully dissent from the decision to remand. In addition, I would allow the cross-appeal by Transcontinental Insurance Company and Continental Casualty Company.

---

Clark, Perdue, Roberts & Scott Co., L.P.A., and Paul O. Scott, for appellant and cross-appellee.

Keener, Doucher, Curley & Patterson, L.P.A., and Thomas J. Keener, for appellees and cross-appellants Transcontinental Insurance Company and Continental Casualty Company.